UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **Bilal Ali,**<br><br>        **Plaintiff**,<br><br>v.<br><br>**Omnis Health Life LLC** *et al.*,<br><br>        **Defendants.** | Case No. 1:21-cv-00441-ELH |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Omnis Health Life LLC ("Omnis"), Rachel Wilson, Erika Wilson, Donald Wilson, and Patrice Wilson[1] (collectively, the "Individual Defendants") state as follows in support of their Motion to Dismiss the Complaint:

**I.    Introduction**

This lawsuit is a classic attempt at a shakedown. Plaintiff worked as a contractor for Omnis—a mental health and wellness center—under a May 9, 2017, Memorandum of Understanding (the "MOU") that the Parties "mutually" terminated on August 14, 2019. During the more than two years of his contracted work with Omnis, Plaintiff faithfully accepted Omnis' payments for what often ended up being little, if any, work. Now, more than a year after his contract was terminated, Plaintiff is attempting to hold Omnis and the Individual Defendants liable for purported back wages under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* (the "MWPCL") – Count I; for breach of contract related to a mere statement of intent to potentially

---

[1] Patrice Wilson is incorrectly named as "Patricia" Wilson in the Complaint.

discuss and negotiate a future contract – Count II; and for quasi-contractual relief for the value of services he concedes were rendered under the MOU – Count III.

More than three years elapsed between Plaintiff's filing and the date he claims the concerns underlying this lawsuit first arose. Plaintiff should have used that time to ensure that his claims were factually and legally sound. He did not. Instead, he filed a Complaint filed with conclusory allegations and legally specious claims.

As discussed below, Plaintiff's MWPCL claim must be dismissed because he was an independent contractor and, therefore, he is not covered by and cannot state a claim for relief under the statute. Even assuming Plaintiff could state an MWPCL claim, his effort to hold the Individual Defendants liable in their personal capacities is not supported by sufficient facts to state a plausible entitlement to relief. Plaintiff's breach of contract claim is likewise doomed based on his concession that he is seeking relief for the Parties' failure to consummate an agreement to agree to another contract at a later date. Finally, Plaintiff's quasi-contractual claim must also be dismissed because he cannot state a claim for quasi-contractual relief under Maryland law given that his claim is based on services that were rendered under an express contract (i.e., the MOU).

## II. Relevant Factual Background

Plaintiff performed services for Omnis pursuant to a May 9, 2017, MOU. Compl. at ¶ 2. The MOU outlines Plaintiff's agreement to perform consulting services as Omnis' Executive Director and explains that the position is an oversight role "with considerable independence" that required a significant level of professional skill and experience. *Id.* at Attachments 1-2.[2]

In exchange for his provision of consulting services, Plaintiff received a stipend of $3,000.00 per month, which was due between the 1st and 10th of each month. *Id.* at Attachment 1. Plaintiff

---

[2] Plaintiff failed to include Attachments 1 and 2 with his initial filing. Defendants have attached true and accurate copies for the Court's convenience.

was not entitled to any other compensation under the MOU, and the MOU did not provide for Plaintiff's receipt of or participation in healthcare or other benefits Omnis would provide to its employees. *See generally, id.* Under the MOU, Plaintiff set his own hours and received the full $3,000 stipend without regard for how much work he completed during a given performance period. *Id.*

Plaintiff concedes that he received all payment due to him under the MOU's requirement that Omnis pay him a $3,000 monthly stipend in exchange for his provision of services. *Id.* at ¶ 11.

Plaintiff never specifically alleges in the Complaint that he was an Omnis employee or that Omnis misclassified him as an independent contractor. *See generally, id.* Because he cannot allege that he was an Omnis employee, Plaintiff instead asserts that Omnis failed to enter into an agreement for permanent employment with him subsequent to the MOU. Compl. at ¶¶ 8-9. That allegation is based on the following clause in the MOU:

> After 6 months, the Board of Directors will reevaluate this general policy based off of the progress and the revenue generated for Omnis during this period. At which point, Bilal Ali will be included in the negotiations for salary consideration. If the revenue is not there during the 6 month period, Omnis and Bilal Ali will outline the time frame for the compensation. Once the salaried position contract is executed for the Executive Director position, equity and semi-annual bonuses will be outlined in a formal contract with Bilal Ali.

*Id.* at Attachment 1.

According to Plaintiff, Omnis' failure to reach a separate agreement for formal employment entitles him to back wages at an annualized rate of $93,000.00 for the period from November 9, 2017, through August 14, 2019, when the Parties "mutually terminated the MOU." *Id.* at ¶¶ 12-15. Plaintiff, however, concedes that the language referred to nothing more than a potential, future contract between the Parties, with undefined terms:

> The MOU provided for Mr. Ali to receive an immediate stipend of $3,000.00 per month, but expressly provided that after six months of employment, another contract providing for the details of ***contemplated*** salary would be signed . . .

*Id.* at ¶ 8 (emphasis added).

Plaintiff further asserts that the Individual Defendants should be liable under the MWPCL because they "played a seminal role in the decision not to pay Mr. Ali his wages." *Id.* at ¶ 16. Of course, the Complaint does not contain any facts that explain the specific roles the Individual Defendants allegedly played in decisions concerning Plaintiff's relationship with Omnis or set forth specific acts or conduct by the Individual Defendants that would be sufficient to subject them to individual liability under the MWPCL. *See generally*, *id.* Plaintiff finally asserts that, notwithstanding the fact that the MOU covered the terms and conditions of his relationship with Omnis, he is entitled to relief under the quasi contractual theory of *quantum meruit*. *Id.* at ¶ 20.

### III. Argument

#### a. Standard of Review

In resolving a Rule 12(b)(6) motion, the Court must take all well-pled facts as true, but after assuming the veracity of all well-pled facts, the Court must assess whether those factual assertions "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere recitation of the elements of a cause of action is insufficient to state a claim for relief. *Id.* at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Medispec, Ltd. v. Chouinard*, 133 F. Supp. 3d 771, 773 (D. Md. Sept. 22, 2015) (the "showing must consist of more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement . . . Legal conclusions couched as factual allegations are insufficient, as are conclusory factual allegations devoid of any reference to actual events.") (internal quotation and citations omitted).

Instead, to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). A court cannot accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir.

2009). Indeed, "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.

### a. Plaintiff Cannot State a Claim Under the MWPCL Because He Was an Independent Contractor, Not an Employee.

A violation of the MWPCL occurs when an employer fails to pay "all wages due for work that the employee performed before the termination of employment." Md. Code Ann., Lab. & Empl. § 3–505(a). Accordingly, in order to be protected under the MWPCL, Plaintiff must have been an employee of Omnis, not an independent contractor.

To determine whether an individual is an employee protected by the MWPCL, Maryland Courts look to the "economic realities" of the Parties' relationship, *viz.*: "(1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business." *Guerra v. Teixeira*, No. CV TDC-16-0618, 2019 WL 330871, at *5 (D. Md. Jan. 25, 2019) (citations omitted).

None of the foregoing factors is, standing alone, dispositive, and the "touchstone of the economic realities test is whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself." *Id.* (Citations and quotations omitted). Several of these factors weigh in favor of a finding that Plaintiff was an independent contractor who cannot benefit from the protections of the MWPCL.

With respect to the "control" factor, Plaintiff enjoyed significant independence and control over his work under the MOU. Omnis did not provide Plaintiff with specific guidance concerning how to complete the work, and the description of duties appended to the MOU made clear that Plaintiff was expected to develop and implement his own plans and processes concerning the work.

5

*See* Compl. at Attachment 1.  Additionally, the compensation structure Plaintiff and Omnis agreed to necessarily created a relationship under which Omnis: did not closely monitor Plaintiff's work; did not monitor the progress of Plaintiff's work; and did not expect or require Plaintiff to log or otherwise explain his working hours.  Indeed, Omnis and Plaintiff agreed that he would receive the same fixed sum as many as 30 days before the conclusion of a given performance period.

The "opportunities for profit and loss" factor also weighs in favor of a finding that Plaintiff was an independent contractor.  The MOU expressly provides that Plaintiff, unlike a typical employee, had the opportunity to increase his compensation by way of his performance.  Simply by performing well in his consulting role, Plaintiff had the option to negotiate a subsequent agreement to be employed by Omnis at a rate that was 258% times the compensation he received as a contractor under the MOU.  Importantly, the MOU did not prohibit Plaintiff from moonlighting or make him economically dependent on Omnis, and Plaintiff's ability to set his own hours and receive the same compensation made it possible for him to perform consulting or other work for himself or any other company or entity of his choosing.  Indeed, throughout the majority of his relationship with Omnis, Plaintiff worked full time as a Member of the Maryland House of Delegates, where he earned as much as $50,330.00 per year, 139% more than he earned as an Omnis contractor.[3]

The skill and permanence of the relationship factors also weigh in favor of a determination that Plaintiff was an independent contractor.  Plaintiff's role required him to oversee programs, operations, and fiscal matters, and he was expected to have highly specialized knowledge related to treatment and therapeutic and rehabilitative techniques concerning chemical dependency, medication assisted treatment, and mental health.  Compl. at Attachment 2.  He was also required to hold an advanced degree in medicine, chemical dependency, psychology, social work, counseling, or related

---

[3] The Court may take judicial notice of the fact that Plaintiff was a Delegate for the State of Maryland from February 3, 2017 to January 9, 2019, and that the salary for Maryland State Delegates from 2018 to present is $50,330.00 under Fed. R. Civ. P. 201 because these facts are matters of public record.

6

fields as well and possess at least five years of program management experience in order to fill the role. *Id.* Plaintiff concedes that he possessed those highly specialized skills, noting that he "has a doctorate and specialized training in the area of drug rehabilitation." Compl. at ¶ 9. Notably, with respect to the permanence of the role, it is undisputed that Plaintiff agreed to work in a position that would continue from month to month unless the Parties reached a subsequent agreement for permanent employment. *Id.* at Attachment 1.

In the end, the core question of "whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself," weighs heavily in favor of a determination that Plaintiff was an independent contractor. The MOU, by its terms, created an impermanent, month-to-month relationship between Plaintiff and Omnis where Plaintiff effectively served as a consultant who controlled the conditions of his work. He enjoyed significant autonomy over how, when, and where he completed his work; he was compensated in a manner that suggests he was an independent contractor; he had opportunities to work for others and to increase his compensation from Omnis based on his performance; he worked under a month-to-month agreement; and he worked full-time in another position during his contract with Omnis.

The Complaint is devoid of any clear allegation that Plaintiff was an employee and not an independent contractor for one reason and one reason only: Plaintiff cannot in good faith assert that he was an Omnis employee. Accordingly, and for the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's MWPCL claim, Count I, with prejudice.

### b. Plaintiff Failed to Plead Sufficient Facts to Hold the Individual Defendants Liable Under the MWPCL.

Assuming, *arguendo*, that Plaintiff can state an MWPCL claim, he has still failed to allege sufficient facts to support individual liability under the MWPCL. The MWPCL permits an employee to recover treble damages when their employer does not pay them on a regular basis or promptly upon

termination. *Butler v. DirectSat USA, LLC*, 800 F.Supp.2d 662, 669-70 (D. Md. 2011). The MWPCL defines "employer" to include "any person who employs an individual in the State or a successor of the person." Md. Code Ann., Lab. & Empl., § 3-501(b). Under this definition, an individual cannot expand employer liability to individuals merely because they are acting on behalf of an employer. *See, e.g., Watkins v. Brown*, 173 F.Supp.2d 409, 416 (D. Md. 2011) (rejecting an interpretation of the term employer that would encompass supervisors, officers, or other agents acting on behalf of a corporate employer). "Thus, for purposes of the MWPCL, the term employer must be interpreted in accordance with the commonly understood meaning of the term . . . which contemplates some sort of contractual relationship involving the payment of wages in exchange for services." *Scali-Warner v. N&TS Grp. Corp.*, No. CV DKC 18-1984, 2020 WL 1158593, at *5 (D. Md. Mar. 10, 2020) (citations and quotations omitted).

In *Scali-Warner*, for example, this Court determined that a plaintiff failed to plead sufficient facts to support individual liability under the MWPCL where she alleged that certain individuals hired her; negotiated and approved her contract; maintained her employment records; directed her activities; and had responsibility for payment of her wages. *Id.* In granting the defendants' motion to dismiss the claims for individual liability, the Court noted that the plaintiff's conclusory allegations were insufficient to support a claim for individual liability under the MWPCL. *Id.*

Plaintiff's allegations in this case are far less substantive than the allegations this Court deemed to be "conclusory" and insufficient to support individual liability under the MWPCL in *Scali-Warner*. Indeed, Plaintiff's only allegations are that the Individual Defendants should be liable under the MWPCL solely by virtue of their roles as employees and agents of Omnis. *See* Compl. at ¶¶ 3-6; 16. Per this Court's holdings in *Scali-Warner* and *Watkins*, such conclusory allegations are insufficient to support individual liability under the MWPCL. Accordingly, the Individual Defendants respectfully request that the Court dismiss Count I of the Complaint with prejudice.

### c. **Plaintiff Has Failed to State a Claim for Breach of Contract.**

Plaintiff's breach of contract claim, like all of his claims, is devoid of legal or factual support. Plaintiff's claim is premised solely on the idea that the MOU provided for the future negotiation and execution of a contract for permanent employment between the Parties. It is a central tenet of contract law that an agreement to agree *is not* an enforceable contract. "The overwhelming weight of authority holds that courts will not enforce an agreement to negotiate a contract." *First Nat. Bank of Maryland v. Burton, Parsons & Co.*, 57 Md. App. 437, 450 (1984). *See also, e.g.*, *Grooms v. Williams*, 227 Md. 165, 172, 175 A.2d 575, 578 (1961), ("There was, at best, an agreement to agree in the future . . . and this is not a sufficient basis for a specifically enforceable contract."); *Horsey v. Horsey*, 329 Md. 392, 420, 620 A.2d 305 (1993) ("[I]t is generally held that an 'agreement to agree' is unenforceable.").

Plaintiff and Omnis agreed in the MOU that upon Omnis' determination that the conditions were favorable to do so, the Parties would potentially negotiate and agree to the terms of a subsequent agreement. That is, by definition, an agreement to agree. Plaintiff's repeated reference to the Parties' future "contemplate" agreement makes this fact clear. Accordingly, the Court should dismiss Count II of the Complaint with prejudice.

### d. **Plaintiff's *Quantum Meruit* Claim Fails as a Matter of Law**.

Plaintiff's *quantum meruit* claim, like his breach of contract claim, is facially invalid. It is axiomatic that where, as here, "there is an express contract dealing specifically with the services rendered, *quantum meruit* is unavailable." *First Nat. Bank of Maryland*, 57 Md. App. at 451 (citation omitted). Here, Plaintiff is asserting a claim for the value of services he rendered under the MOU. The MOU is an express contract that deals specifically with the services Plaintiff rendered thereunder. Accordingly, Defendants respectfully request that the Court dismiss Count III of the Complaint with prejudice.

## IV.     Conclusion

Plaintiff was an independent contractor and, as such, he cannot seek relief under the MWPCL. Even if Plaintiff could seek relief under the MWPCL, he has failed to state sufficient facts to support holding the individual defendants personally liable for violation of the MWPCL. Plaintiff also failed to state sufficient facts to support a breach of contract claim while simultaneously stating facts that moot his *quantum meruit* claim. Put simply, the Complaint is devoid of any legal or factual merit. Accordingly, for the foregoing reasons, Defendants Omnis Health Life LLC, Rachel Wilson, Erika Wilson, Donald Wilson, and Patrice Wilson respectfully request that the Court grant their motion to dismiss, dismiss the complaint in its entirety, and grant the Defendants such other and further relief as the Court deems appropriate.

Dated: March 1, 2021                                    Respectfully submitted,

By: */s/* Todd A. Bromberg
Todd A. Bromberg (Bar. No. 18925)
Olauluwaposi O. Oshinowo (*Admitted Pro Hac Vice*)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
tbromberg@wiley.law
ooshinowo@wiley.law

*Attorneys for Defendants Omnis Health Life, LLC, Donald Wilson, Patrice Wilson, Rachel Wilson, and Erika Wilson*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of March 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, which caused a copy of the same to be served on the following:

Kerry J. Davidson, Esq.
300 E. Lombard Street
Suite 840-112
Baltimore, Maryland 21202
Tel: 240.394.6330
Fax: 866.920.1535

*Counsel for Plaintiff*

By: */s/* Todd A. Bromberg
Todd A. Bromberg (Bar. No. 18925)
Olauluwaposi O. Oshinowo (*Admitted Pro Hac Vice*)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
tbromberg@wiley.law
ooshinowo@wiley.law

*Attorneys for Defendants Omnis Health Life, LLC, Donald Wilson, Patrice Wilson, Rachel Wilson, and Erika Wilson*